**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Scott J. Snyder, | ) | **CASE NO. 4:08 CV 2884** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| J.T. Shartle, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) and respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 10).  For the following reasons, the Petition is DENIED and respondent's Motion is GRANTED.

**Facts**

Petitioner was convicted of Bank Robbery and Possession of a Firearm During the Commission of a Crime of Violence in the District Court for the Northern District of Ohio. He was sentenced by United States District Judge Carr on December 17, 2003 to a 183 month

1

term of imprisonment, followed by a three year term of supervised release. As part of the

sentence, the Court ordered petitioner to pay a $300.00 special assessment. Additionally,

petitioner  was ordered to pay restitution in the amount of $17,721.00. The restitution was

payable at a minimum of 10% of petitioner's gross monthly income. (Raheem Garland decl.)

Petitioner was first designated to Federal Correctional Institution (FCI) Gilmer, where he

was not asked to participate in the Inmate Financial Responsibility Program (IFRP).  (Doc. 1 at

2) On June 5, 2007, petitioner was transferred to FCI Elkton, Ohio.  (Garland decl.)

On June 25, 2007, petitioner voluntarily signed an "Inmate Financial Plan" in which he agreed to

participate in the IFRP and to pay $25.00 per quarter towards his financial obligations. (*Id.* Ex.

G)

The $25.00 quarterly payment was made in September and December 2007.  On

December 5, 2007, petitioner was scheduled for a Program Review with his unit team. At that

time, the unit team reviewed the deposits into petitioner's prison account and determined that

$25.00 per quarter was not commensurate with his resources or the IFRP. A recommendation

was made by the unit team that petitioner pay $95.00 per month.  Ultimately, the unit manager

determined that petitioner could afford to pay $50.00 per month. Petitioner, however, refused to

sign a new contract.  As a result, petitioner was placed into "IFRP Refuse" status. (*Id.*)

In January 2008, petitioner filed an administrative appeal of his classification of IFRP

Refuse status, and asserted that Bureau of Prisons (BOP) policy and the District Court's Order to

collect 10% of his gross monthly income were being violated by the attempt to collect $50.00

per month.  By written response of February 15, 2008, the Warden rejected the appeal.

Petitioner appealed the Warden's decision to the regional director who again rejected the appeal.

2

Petitioner then appealed to the General Counsel's Office which also rejected the appeal. (*Id.*)

Petitioner then filed this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Subsequently, he signed a new Inmate Financial Plan wherein he voluntarily agreed to participate in the IFRP by paying $25.00 per quarter. (Garland decl., Ex. C.)  Thus, petitioner is currently participating in the IFRP, and is no longer classified as IFRP Refuse and is able to receive the benefits of participating in the IFRP program.  (Garland decl.)

### Discussion

"Federal prisoners who wish to collaterally challenge the execution of their sentences must petition for relief under [28 U.S.C.] § 2241."*Allen v. White*, 185 Fed.Appx. 487 (6th Cir. 2006).  Furthermore, "The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241." *Ihmoud v. Jett*, 272 Fed.Appx. 525 (7th Cir. 2008) (citations omitted). Petitioner's challenge is properly before this Court.

Petitioner argues that the BOP is violating his constitutional rights by placing him in IFRP Refuse status because it is ignoring the District Court's restitution Order.  Petitioner asserts that defendant based the new requirement to pay $50.00 per month on the increased amount of money coming into petitioner's inmate account from holiday and birthday gifts sent to petitioner from his family.  Petitioner contends that the gifts should not be included in the calculation of his income due to the Internal Revenue Service determination that gifts are not treated as income.  Consequently, petitioner states that the  $50.00 per month requested payment is far in excess of 10% of his income. As a result, the District Court's Order is being violated.

Respondent initially argues that petitioner has failed to perfect service of process as

required by Fed. R. Civ. P. 4(i)(1)(A) and (B), which applies in actions initiated against agencies of the United States. Under this rule, petitioner must personally deliver, or send by registered or certified mail, a copy of the summons and complaint to the United States Attorney in the judicial district in which the action has commenced and upon the Attorney General of the United States. Additionally, Rule 4(i)(2) requires that a copy of the summons and complaint be sent to the agency, officer, or employee by registered or certified mail. Rule 4(m) states that if "a defendant is not served within 120 days after the complaint is filed, the court...must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Respondent points out that more than 160 days have passed since the filing of this action, and the complaint and summons have not been served on the Warden, the United States Attorney, or the Attorney General. Defendant requests dismissal pursuant to Rule 12(b)(5), for insufficient service of process.

Petitioner concedes that he has failed to perfect service, but appeals to the Court for leniency based on his *pro se* status. Additionally, petitioner asserts that since defendant has actual knowledge of the lawsuit, "no irreversable harm" has been done. The Court does not agree.

"Without such personal service, a district court is without jurisdiction to render judgment against a defendant." *Cromety v. Elkton Federal Correctional,* 2006 WL 753108 (N.D.Ohio March 22, 2006)(citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir.1991) ). Moreover, "the fact that the defendants had actual notice of the suit is immaterial." *Id.*

Accordingly, respondent's request for dismissal pursuant to Fed.R.Civ.Pro. 12(b)(5) is warranted.

4

Assuming petitioner did perfect service, respondent contends that the BOP may lawfully require inmates to pay restitution at a higher and/or faster rate than specified by the sentencing court.  This Court agrees.

It must first be noted that the Court ordered petitioner to pay restitution at a *minimum* rate of 10% of his gross monthly income.  Encouraging petitioner to make a higher payment, therefore, does not conflict with the Order.   Additionally, the BOP has authority to encourage voluntary payments in excess of the Order.

The IFRP, set forth in 28 C.F.R. §§ 545.10 and 545.11, requires inmates to commit a percentage of their prison employment earnings toward the repayment of court-ordered restitution. Participation in the IFRP is not mandatory, but entitles inmates to certain benefits. *See* 28 C.F.R. § 545.11(d).  Because participation is voluntary, an inmate is free to decline to participate in the IFRP.  However, the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences, which are set forth in 28 C.F.R. § 545.11(d).  Thus, non-participation in the program can lead to the loss of privileges, including, inter alia, limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. *See id.*   Moreover, courts clearly recognize that "the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate's participation in the IFRP."  *U.S. v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008).

Because petitioner may lawfully be making payments in excess of 10% of his gross monthly income without violating the Court's Order and the BOP has the authority to encourage the excess payments, the District Court's Order is not being violated.

5

**Conclusion**

For the foregoing reasons, petitioner's Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 is denied and respondent's Motion to Dismiss or, in the Alternative, Motion for

Summary Judgment is granted.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/2/09